UNITED STATES, Appellee

v.

RAYMOND A. PETTY, Corporal, U. S. Army, Appellant

3 USCMA 87, 11 CMR 87

No. 2155

Decided July 17, 1953

Lᴛ Cᴏʟ Edgar R. Minnich, U. S. Army, and 1ꜱᴛ Lᴛ Wade J. Dahood, U. S. Army, for Appellant.

Lᴛ Cᴏʟ Thayer Chapman, U. S. Army, Lᴛ Cᴏʟ Paul J. Leahy, U. S. Army, and 1ꜱᴛ Lᴛ Robert A. Forman, U. S. Army, for Appellee.

## Opinion of the Court

**Pᴀᴜʟ W. Bʀᴏꜱᴍᴀɴ, Judge:**

A general court-martial convened at Orlando Air Force Base, Orlando, Florida, convicted the accused, Petty, of unlawfully receiving stolen property, namely, a certain outboard motor, in violation of the Uniform Code of Military Justice, Article · 134, 50 USC § 728. The conviction has been approved by the convening authority and affirmed by a board of review. A petition for further review was granted by this Court, limited, however, to a single question:

·"Whether there was sufficient proof of the corpus delicti of the offense of receiving stolen property to permit the admission of the pre-trial statement of the accused."

**II**

An extensive factual review is unnecessary here. Suffice it to say that —with the confession of the accused that he had been requested by one Swann to preserve for him an outboard motor, which had been stolen from a boat on a nearby lake, and that he had done so—the evidence is more than ample to sustain the conviction returned by the court-martial. The asserted evidentiary weakness is a failure to establish sufficiently by evidence aliunde the confession that the accused knew that the motor in question had been stolen. In the absence of such proof, of course, the conviction cannot stand, for in such case the only showing of scienter on the part of the accused

would be that found in his confession—and this standing alone, cannot support the conviction. Manual for Courts-Martial, United States, 1951, paragraph 140a; United States v. Isenberg (No. 579), 2 USCMA 349, 8 CMR 149, decided March 25, 1953; see United States v. Vincent C. Jones (No. 288), 2 USCMA 80, 6 CMR 80, decided December 17, 1952. In our recent decision in the Isenberg case, supra, we sought to make plain that present military practice requires, as corroboration of a confession, some evidence tending to establish the probability of the existence of each element of the offense charged—thus adopting, at least in substance, the rule announced in Forte v. United States, 94 F2d 236 (CA DC Cir), and Ercoli v. United States, 131 F2d 354 (CA DC Cir). Therefore, the question here comes down to whether, apart from the confession, there is some evidence that the accused probably knew the motor, left in his custody by Swann, was the fruit of theft. As specifically provided in paragraph 140a of the Manual, supra, such evidence may be either direct or circumstantial.

### III

Let us examine the evidence establishing and surrounding accused's acquisition of the outboard motor with which we are concerned in this case. On the night the property was delivered by the soldier, Swann, to the accused, the latter—together with one Corporal Tankersley, and their wives—had enjoyed a fishing trip. The four, in the course of return to their adjacent quarters, stopped at the home of friends of accused and his wife to retrieve one of their children, who had been left in the friends' care. As they stopped their car, Swann drew up behind them in his own automobile. Accused alighted and proceeded at once to Swann's vehicle, where a short and secretive conversation ensued, the content of which is not reported. Swann thereafter followed accused's automobile to the quarters shared by the latter and his wife with the Tankersleys. Upon arrival there, the motor was removed from Swann's automobile and placed in a closet in the apartment occupied by the Pettys—that is, the accused and his wife. Swann displayed the motor to Tankersley as it lay in the closet, and stated that he had asked the accused to keep it for him. Tankersley heard no mention of the fact that the motor had been stolen. This motor remained in accused's possession for some three months, and—on occasion—was used by him.

In addition to this evidence, we think it highly relevant to note that two other outboard motors which were, in fact, stolen property were found in accused's possession. The fact that charges of larceny, as defined in Article 121 of the Code, supra, 50 USC § 715, relating to these motors, were dismissed by the convening authority for insufficient evidence of accused's participation in the theft, does not remove this evidence from the record, nor does it prevent its consideration in connection with other matters as to which it may be relevant. Consideration of it as tending to establish the scienter of the accused is certainly proper. United States v. Vincent C. Jones, supra. We perceive no reason for distinguishing, in this connection, between other instances of mere possession of stolen property and instances of knowing possession of stolen property. United States v. Brand, 79 F2d 605, 606 (CA2d Cir). Nor is there cause to distinguish between property received before and that acquired after the particular property in question. Sapir v. United States, 174 F 219 (CA2d Cir).

### IV

Taking into account the sinister circumstances surrounding the delivery of the motor in question to the accused, together with the fact that, in all, three stolen motors were found in accused's possession, we think it fair to say that the conclusion is justified that there is *some circumstantial* evidence that accused *probably* knew that the particular motor here concerned was stolen property. We have not overlooked the facts involved in the Forte case, supra. Although there is a surface similarity

between the facts there and those here, closer scrutiny and consideration bring to light matters of obvious and critical distinction.

In view of the foregoing, the confession was properly received in evidence. The decision of the board of review is, therefore, affirmed.

Chief Judge QUINN and Judge LATIMER concur.

Opinion of the Court

PAUL W. BROSMAN, Judge: